UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ZACHARY SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) 18-cv-00288-NT |
| JOSEPH FITZPATRICK, Commissioner of | ) |
| Maine Department of Corrections, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### SETTLEMENT AGREEMENT

Plaintiff, Zachary Smith ("Plaintiff"), has brought a civil action against Defendant Dr. Joseph Fitzpatrick, in his official capacity as Commissioner of the Maine Department of Corrections ("Commissioner Fitzpatrick") (collectively, "the Parties"). Plaintiff alleges that he has opioid use disorder and that this disorder has been successfully treated for some time with the medication buprenorphine. As the result of his recent conviction in *State v. Zachary Smith*, Docket No. ARO-CD-CR 2018-038, Plaintiff has been sentenced to a period of incarceration, which will be served with the Maine Department of Corrections ("Department"). Plaintiff is to begin his sentence on October 22, 2018.

With certain limited exceptions, it is the policy of the Department not to provide treatment of opioid use disorder with buprenorphine or equivalent medications. In his complaint, Plaintiff claims that he will suffer irreparable harm if his treatment is not continued when he is in the custody of the Department. The Department disputes this claim. The parties nevertheless wish to end this litigation and resolve this matter.

For these reasons, the Parties enter into the following agreement ("Agreement") as follows:

**TERMS**

1. Commissioner Fitzpatrick or his designee shall order, dispense, and administer to Plaintiff buprenorphine or an equivalent medication throughout the course of his nine-month-and-one-day sentence of incarceration in the Maine Department of Corrections ordered pursuant to *State v. Smith*, Docket No. AROCD-CR-18-00038.

2. Within ten days of signing this Agreement, Commissioner Fitzpatrick or his designee shall confer with Plaintiff's treating physician, Dr. David Conner, for the purpose of determining Plaintiff's current opioid use disorder treatment. Defendant shall continue Plaintiff's current dose of buprenorphine-containing medication and otherwise continue his treatment as consistently as possible within the correctional facility to which Plaintiff is assigned. Within 15 days of signing this Agreement, Commissioner Fitzpatrick, through counsel, shall notify Plaintiff's counsel to the medication name and dosage that it plans to administer to the Plaintiff.

3. Nothing in this Agreement shall limit Commissioner Fitzpatrick from contracting with a medical provider in order to comply with the terms of this Agreement, provided that the Commissioner shall have non-delegable duty to ensure compliance and quality control, and other aspects of professional practice.

4. Should the Department of Corrections or its contracted physician determine that any significant change in Plaintiff's medical treatment for opioid use disorder is necessary, Commissioner Fitzpatrick, through counsel, shall notify Plaintiff's counsel and provide an explanation for the proposed change at least 48 hours prior to the change, unless the change is required on an emergency basis to protect the health or safety of the Plaintiff, in which case

Commissioner Fitzpatrick, through counsel, shall notify Plaintiff's counsel as soon as reasonably possible but no later than 24 hours after the change.

5. Nothing in this Agreement shall prevent Commissioner Fitzpatrick, or designee, from developing a substance abuse treatment program and including treatment services for the Plaintiff as part of Plaintiff's overall correctional plan pursuant to the Department's policy regarding Counseling and Treatment Services.

6. Within a reasonable time prior to Plaintiff's release, Commissioner Fitzpatrick, or designee, shall contact the Plaintiff's treating physician, Dr. David Conner, or, if Dr. Conner is unavailable, another physician licensed to prescribed buprenorphine-containing medication, to schedule an appointment within 30 days of release, and to otherwise ensure that medical treatment of Plaintiff's opioid use disorder is continued without interruption upon his release. Pursuant to the Department's policy on Release and Reentry Planning, Commissioner Fitzpatrick, or designee, authorizes and shall provide at the time of release a thirty-day supply of the medication used by the Department to treat Plaintiff's opioid use disorder.  Commissioner Fitzpatrick, or designee, shall provide other release planning services pursuant to its Release and Reentry Planning policy, including, but not limited to, providing the Plaintiff with a copy of his health care discharge summary, and scheduling appointments for any counseling or other treatment necessary for continuity of care.

7. At any time during the pendency of this Agreement, if Plaintiff or his counsel believes that the defendant is not complying with this agreement, they shall notify Commissioner Fitzpatrick, through counsel, and, if the situation does not require immediate and emergent resolution, the Parties shall confer within 72 hours to try to resolve any differences without judicial intervention.  Nothing in this paragraph shall limit Plaintiff or his counsel from filing an

emergency motion to enforce compliance if they have a good faith belief that such a remedy is necessary for his immediate welfare.

8. If the Plaintiff's sentence of incarceration is lengthened beyond nine months and one day, for any reason, the Parties shall reconvene and attempt to resolve any dispute regarding whether Commissioner Fitzpatrick will provide Mr. Smith with buprenorphine or an equivalent medication during the additional period of the sentence. In the event the Parties are unable to reach an agreement, either party may request that the Court intervene to resolve the dispute.

9. This Settlement Agreement does not include any agreement regarding an award of costs and attorney fees to either party and each party reserves all claims and defenses in regard to an award of costs and attorney fees.

10. Commissioner Fitzpatrick's obligations to provide treatment to the Plaintiff pursuant to this Agreement shall commence upon receipt of Plaintiff into the custody of the Maine Department of Corrections.

11. Within a reasonable time following execution of this Agreement, the Parties shall file a joint motion asking the Court to dismiss the case against Commissioner Fitzpatrick without prejudice upon the condition that the order of dismissal expressly incorporates this Settlement Agreement and retains jurisdiction to enforce the Agreement.

12. The provisions of this Agreement embody and reflect the entire understanding of the Parties and there are no representations, warranties, or undertakings other than those expressed and set forth in this Agreement. The provisions of this Agreement shall not be modified or amended in any way except by writing signed by all parties.

Dated: 9/27/18                             By:

                                          ___/s/ Zachary L. Heiden___
Zachary L. Heiden
American Civil Liberties Union of Maine Foundation
121 Middle Street, Suite 200
Portland, ME 04103
(207) 619-6224
*heiden@aclumaine.org*

Emma E. Bond
American Civil Liberties Union of Maine Foundation
121 Middle Street, Suite 200
Portland, ME 04103
(207) 619-8687
*ebond@aclumaine.org*

Gabe Eber
American Civil Liberties Union
National Prison Project
915 15th St., NW, 7th Floor
Washington, DC 20005
(202) 548-6601
*geber@aclu.org*

On behalf of Zachary Smith, Plaintiff


Dated: 9/26/18                             _____/s/ Dr. Joseph Fitzpatrick_____
Commissioner Joseph Fitzpatrick, Defendant