# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| ZACHARY SMITH, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>JOSEPH FITZPATRICK, in his official )<br>capacity as Commissioner of the )<br>Maine Department of Corrections; and )<br>SHAWN D. GILLEN, in his official )<br>capacity as Chief Deputy and Acting )<br>Aroostook County Sheriff, )<br>)<br>   Defendants. ) | Docket No. 1:18-cv-00288-NT |

## ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND LITIGATION EXPENSES

Before me is the Plaintiff's motion for attorney's fees and litigation expenses. (ECF No. 39.) For the reasons that follow, the Plaintiff's motion is **DENIED**.

## BACKGROUND

On July 26, 2018, Plaintiff Zachary Smith filed suit under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("**ADA**"), alleging that the Defendants violated his Eighth Amendment rights and discriminated against him because of his disability when they refused to allow him to continue his medically-assisted treatment for opioid use disorder while he was incarcerated. Compl. (ECF No. 1). That same day, the Plaintiff moved for a temporary restraining order or a preliminary injunction requiring the Defendants to provide him with his medication. (ECF No. 3.) On September 27, 2018, the parties notified the Court that the Plaintiff had agreed

to settle his dispute with Defendant Fitzpatrick and jointly moved to dismiss the Plaintiff's Complaint as against Fitzpatrick. (ECF No. 31.) The parties' settlement agreement stated that it would not be effective unless I retained jurisdiction over this action and incorporated the settlement's terms into my order of dismissal. Settlement Agreement 4 (ECF No. 30). On October 1, 2018, I held a telephonic conference of counsel, during which I indicated my reluctance to retain jurisdiction over the action. (ECF No. 33.) Both parties argued for the retention of jurisdiction, and I reserved ruling.

Later that same day, I dismissed the Plaintiff's action against Defendant Fitzpatrick without prejudice. Order (ECF No. 36). The Order of Dismissal (the "**Order**") stated that:

> In light of the parties' motion, I hereby ORDER that this action is dismissed without prejudice as to Defendant Fitzpatrick in accordance with the parties' settlement agreement (ECF No. 30), the terms of which are incorporated herein. In entering this order I make no findings regarding the subject matter of the Plaintiff's Complaint or motion for a preliminary injunction.

Order. On October 30, 2018, the Plaintiff and Defendant Gillen filed a joint stipulation dismissing the Plaintiff's claims against Gillen and this case was closed. Status Report (ECF No. 38). On November 1, 2018, the Plaintiff filed the instant motion seeking attorney's fees from Defendant Fitzpatrick, arguing that the Order rendered the Plaintiff the prevailing party in the dismissed action. Pl.'s Mot. 1-2.

## DISCUSSION

Only a "prevailing party" may collect attorney's fees or litigation costs in a dispute under the ADA or § 1983. 42 U.S.C. § 12205; 42 U.S.C. § 1988(b). "Prevailing

party" is "a legal term of art." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001). "To qualify as a prevailing party, a litigant must show that a material alteration of the parties' legal relationship has taken place as a result of the litigation," and that "the alteration possesses a 'judicial *imprimatur.*'" *Hutchinson ex rel. Julien v. Patrick*, 636 F.3d 1, 8-9 (1st Cir. 2011) (quoting *Buckhannon*, 532 U.S. at 605). Because I find that the Plaintiff cannot establish the second of these factors, I begin and end my analysis there.

The Supreme Court has stated that the necessary judicial *imprimatur* exists where a party has obtained a "judgment on the merits," or "a court-ordered consent decree." *Buckhannon*, 532 U.S. at 605. The Court has not foreclosed the possibility that other forms of court-ordered settlements might suffice, and the First Circuit has held that an order short of a formal consent decree can reflect judicial *imprimatur*. *Hutchinson*, 636 F.3d at 9 (citing *Aronov v. Napolitano*, 562 F.3d 84, 90 (1st Cir. 2009) (en banc)). Thus, "rather than look exclusively at the label attached to a particular order, an inquiring court must consider 'whether the order contains the sort of judicial involvement and actions inherent in a 'court ordered consent decree.'" *Id.* at 9-10 (quoting *Aronov*, 562 F.3d at 90). This requirement is fulfilled if (i) "the change in the legal relationship between the parties was 'court-ordered,'" (ii) "there was 'judicial approval of the relief vis-à-vis the merits of the case,'" and (iii) the court maintains oversight of the agreement and the "ability to enforce the obligations imposed on the parties." *Id.* (quoting *Aronov*, 562 F.3d at 90).

The first and the third of these factors are satisfied here. The parties agreed that their settlement would not come into effect unless I incorporated the agreement into my order of dismissal and retained jurisdiction over the action, meaning the agreement and any change in the parties' relationship was predicated on my Order. *See Hutchinson*, 636 F.3d at 9 (first factor satisfied where court approved an agreement that stated it would "be null and void and of no force and effect" absent court's sign-off). And by incorporating the parties' agreement into the Order, I granted the parties the ability to seek to enforce that agreement through a contempt motion. *Buckhannon*, 532 U.S. at 604 n.7 (federal jurisdiction to enforce private settlements within the structure of the original case exists when the terms of the settlement "are incorporated into the order of dismissal").

The Order does not, however, satisfy the second factor of the test. As described by the First Circuit, "judicial approval of the relief vis-à-vis the merits of the case" requires the district court to have conducted an "appraisal of the merits." *Hutchinson*, 636 F.3d at 10. The First Circuit addressed the meaning of this requirement in *Hutchinson*. In that case, the First Circuit found that sufficient appraisal had occurred where, in compliance with Federal Rule of Civil Procedure 23(e)(2), the district court had (i) conducted multiple fairness hearings during which it displayed familiarity with a proposed class action settlement's terms and (ii) ultimately "express[ed] its satisfaction that the interests of the plaintiff class had been adequately considered" in arriving at the settlement. *Id*. The First Circuit observed that the Rule 23(e)(2) analysis was "strikingly similar to a court's role in entering a

consent decree—a role that requires a court to ensure that the terms of the proposed decree 'are fair and not unlawful.'" *Id.* (quoting *Smyth ex rel. Smyth v. Rivero*, 282 F.3d 268, 280 (4th Cir. 2002)). The First Circuit contrasted the district court's "extended engagement with the substance of the" class settlement with the "virtually nonexistent review" in *Aronov v. Napolitano*, 562 F.3d 84, "where the district court merely entered an electronic docket entry granting" a joint motion to remand. *Id.*; *see also Aronov*, 562 F.3d at 92 (finding that court order did not render plaintiff a prevailing party where the district court had "made no evaluation at all of the merits of the controversy—indeed the court was never asked to do so").

The Plaintiff argues that any court order that incorporates a private settlement agreement may rise to the level of a consent decree, even if the court never evaluated the action's merits, because courts must assure that all orders they issue are "fair and not unlawful." Pl.'s Reply 4. In *Smyth ex rel. Smyth v. Rivero*, the Fourth Circuit stated that

> A court's responsibility to ensure that its orders are fair and lawful stamps an agreement that is made part of an order with judicial *imprimatur*, and the continuing jurisdiction involved in the court's inherent power to protect and effectuate its decrees entails judicial oversight of the agreement.

282 F.3d at 284.[1]

Under the law of this Circuit, however, the Plaintiff cannot show that he has achieved prevailing party status if I have not "weigh[ed] the merits of the underlying

---

[1] Decisions from other Circuits also align with the Plaintiff's position. *See Carbonell v. I.N.S.*, 429 F.3d 894, 901 (9th Cir. 2005) ("[W]hen a court incorporates the terms of a voluntary agreement into an order, that order is stamped with sufficient 'judicial *imprimatur*.'"); *Raab v. Ocean City*, 833 F.3d 286, 294 (3d Cir. 2016) (same); *Roberson v. Giuliani*, 346 F.3d 75, 83 (2d Cir. 2003) (same).

5

dispute." *Aronov*, 562 F.3d at 91. Although I considered Defendant Fitzpatrick's agreement to provide Mr. Smith with his medication a fair result, I did not address whether that outcome was required under the law that the Plaintiff cited in his Complaint.[2] The parties did not ask me to make an assessment of the merits, and in my order I specifically stated that "I make no findings regarding the subject matter of the Plaintiff's Complaint or motion for preliminary injunction." Order. The requisite "appraisal of the merits," *Hutchinson*, 636 F.3d at 10, that might make the Order akin to a formal consent decree is therefore lacking, as is, in turn, the judicial *imprimatur* necessary for the Plaintiff to claim prevailing party status. On this basis, the Plaintiff's motion for attorney's fees is denied.

## CONCLUSION

For the reasons stated above, the Court **DENIES** the Plaintiff's motion for attorney's fees and litigation expenses.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 27th day of March, 2019.

---

[2] In the telephone conference held on October 1, 2018, the Plaintiff's counsel reiterated the need for an order incorporating the terms of the settlement agreement and the retention of jurisdiction but never revealed the importance of these elements to the attainment of "prevailing party" status. Perhaps had she done so, she would have received more pushback from the Defendant's counsel.